BROWN ET AL. *v.* BUNGE.

[No. 15,251. Filed February 14, 1935. Appeal dismissed November 30, 1937.]

*Clarence R. Martin, Clyde C. Carter,* and *V. Ed Funk,* for appellants.

*Owen S. Boling, Fremont Miller,* and *George B. Staff,* for appellee.

SMITH, C. J.—Appellee filed a motion to dismiss the appeal of the appellant Olive Brown.

Appellee filed a suit for damages against the appellant Paul Brown, growing out of an alleged assault upon appellee, by said Paul Brown, by shooting and injuring him. While said cause was pending in the Brown Circuit Court, the appellant Olive Brown, a sister of the appellant Paul Brown, filed her intervening petition asking to be made a party defendant to the suit. Objections were filed thereto, and on June 5, 1933, the Brown Circuit Court, from which a change of venue was later taken, denied said petition, and entered judgment refusing to allow said appellant Olive Brown to intervene.

The original action against appellant Paul Brown then proceeded to trial, and judgment was rendered against said Paul Brown on the 15th day of June, 1933.

On November 4, 1933, a motion for new trial, previously filed by said appellant Paul Brown, was overruled. Thereafter, on April 28, 1934, the appellant Paul Brown filed his assignment of errors, and transcript of record in this cause. On the same day, the appellant Olive Brown filed her assignment of errors, which is attached to and made a part of the record in the appeal of appellant Paul Brown, and in which she, the said Olive Brown, assigns as error the denying her intervening petition and refusing to permit her to be made a party defendant to the pending suit.

The refusal to allow an intervening petitioner to be made a party to a pending suit is a final judgment from which an appeal will lie. *Voorhees* v. *The Indianapolis Car and Manufacturing Company et al.* (1895), 140 Ind. 220, 225, 39 N. E. 738.

The appellant Olive Brown was not a party to the judgment rendered against Paul Brown; and no judgment was rendered against her other than the one heretofore referred to, denying her the right to intervene.

Neither her assignment of errors nor the record was filed in this court within 180 days after the final judgment against her. Instead, her assignment of errors was filed more than 180 days after the final judgment; hence, she lost her right of appeal. Section 696 Burns Ann. St. 1926; section 2-3202 Burns 1933; section 472 Baldwin's Ind. St. 1934.

The appellant Olive Brown is not a party to the judgment against Paul Brown, and could have no right of appeal therefrom. Only parties to the judgment, or those who are affected thereby, have the right of appeal. *Rockey et al.* v. *Hershman et al.* (1923), 193 Ind. 168, 178, 138 N. E. 339; *Demarest, Treasurer, et al.* v. *Holdeman et al.* (1905), 34 Ind. App. 685, 693, 73 N. E. 714.

Since appellant Olive Brown is not a party to the judgment against the appellant Paul Brown, and would have no right of appeal therefrom, and has failed to file her assignment of errors and record within the time fixed by statute to perfect her appeal from the judgment rendered against her denying her the right to intervene, motion to dismiss the appeal as to appellant Olive Brown is sustained, and her appeal is hereby dismissed.